■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER G. SECORE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his statement to the police admitting his involvement in the crimes was made upon a promise of immunity and therefore was involuntary and should have been suppressed. The only proof at the suppression hearing on that issue was Officer Penna's testimony that he told defendant, in response to defendant's request for immunity, that he did not have the power to grant it. Investigator Bolling, the only other witness at the suppression hearing, testified that defendant did not request immunity in his presence. There is no evidence to the contrary. The

language in defendant's unsworn written statement that he was "told in substance that immunity [would] be granted," upon which defendant relies, does not constitute admissible evidence of a promise of immunity.

Defendant's reliance upon *People v Urowsky* (89 AD2d 520) is misplaced. There, the police conceded that a specific promise was made to the defendant in return for his cooperation. In the absence of any proof that a promise was made to defendant in return for his statement, we reject the assertion that the statement was involuntarily made.

We also reject defendant's contention that the photographs showing the victim's skull at the time of the autopsy were inflammatory and should not have been admitted into evidence. Photographs should be excluded only if their sole purpose is to arouse the emotions of the jury and to prejudice the defendant *(People v Pobliner,* 32 NY2d 356, 370; *People v Fedora,* 186 AD2d 982). The photographs at issue were admissible to illustrate and corroborate the testimony of the medical examiner. Defendant's argument that the photographs of the "clean skull" served those purposes disregards the fact that the coroner testified that he could not remember having seen the victim's skull after it had been cleaned. (Appeal from Judgment of Wayne County Court, Parenti, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Boomer, Pine, Lawton and Boehm, JJ.