■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BURSE, Also Known as POO-PA, Appellant. [652 NYS2d 439] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) following a jury trial in connection with the stabbing death of his 13-year-old girlfriend. Defendant contends that the verdict is against the weight of the evidence because he met his burden of establishing the affirmative defense of extreme emotional disturbance (*see,* Penal Law § 125.25 [1] [a]; *People v Moye*, 66 NY2d 887, 890). We disagree. The jury was not required to accept the testimony of the defense witnesses and was entitled to find that defendant failed to meet his burden of showing that his actions were the result of the loss of self-control associated with that affirmative defense (*see, People v Drake*, 216 AD2d 873, *lv denied* 87 NY2d 900; *People v Ludwigsen*, 159 AD2d 591, 592, *lv denied* 76 NY2d 738). Moreover, even if the jury accepted the assertion of defendant that his actions were the result of an uncontrollable response, it was entitled to find

that his explanation or excuse for his emotional state, i.e., his girlfriend's alleged infidelity, was not reasonable (*see, People v Moye, supra,* at 890; *People v Ludwigsen, supra,* at 592; *see also, People v Murden,* 190 AD2d 822, 822-823, *lv denied* 81 NY2d 1017).

Defendant further contends that Supreme Court erred in permitting the Medical Examiner to testify, over defense counsel's objection, that victim's death was a homicide. We agree (*see, People v Emmick,* 136 AD2d 892, 894; *People v James,* 123 AD2d 644, *lv denied* 69 NY2d 1005) but conclude that the error in the admission of that testimony is harmless (*see, People v Crimmins,* 36 NY2d 230, 242). Moreover, defendant never asserted that the victim's death was not a homicide.

Lastly, defendant's contention that the sentence imposed is unduly harsh or severe and should be reduced in the exercise of this Court's discretion in the interest of justice is rejected. Defendant has not shown that the sentencing court abused its discretion or that extraordinary circumstances warrant a reduction of the sentence (*see, People v Farrar,* 52 NY2d 302, 305). (Appeal from Judgment of Erie County Court, Drury, J.— Murder, 2nd Degree.) Present—Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.