■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL DOMBLEWSKI, Appellant. [661 NYS2d 128] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of murder in the second degree (Penal Law § 125.25 [1], [3] [intentional and felony murder]) and one count each of burglary in the first degree (Penal Law § 140.30 [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).

We reject the contention of defendant that he met his burden of establishing the affirmative defense of extreme emotional disturbance and that the verdict is therefore against the weight of the evidence (see, Penal Law § 125.25 [1] [a]). To establish that defense, defendant had to prove by a preponderance of the evidence "both a subjective element (that defendant did in fact act under the influence of extreme emotional disturbance) and an objective element (that there was reasonable explanation or excuse for the emotional disturbance)" (People v Moye, 66 NY2d 887, 890; see, Penal Law § 25.00 [2]; People v Walker, 64 NY2d 741, 743, rearg dismissed 65 NY2d 924). As a general rule, "the statute requires mitigation to be afforded an emotionally disturbed defendant only when the trier of fact, after considering a broad range of mitigating circumstances, believes that such leniency is justified" (People v Casassa, 49 NY2d 668, 681, cert denied 449 US 842). In assessing the validity of the defense, the jury was entitled to consider the conduct of defendant before and after the homicide and to reject his explanation for his conduct (see, People v Burse, 234 AD2d 950; People v Dominguez, 226 AD2d 391; People v Murden, 190 AD2d 822, lv denied 81 NY2d 1017).

Defendant further contends that his conviction of burglary and felony murder is not supported by legally sufficient evi-

dence because the People failed to establish that he possessed the requisite intent to commit a crime when he unlawfully entered the victim's apartment. That contention is not preserved for our review (*see, People v Gray*, 86 NY2d 10, 19; *People v Blunt*, 176 AD2d 741, 742) and, in any event, is without merit.

County Court did not abuse its discretion in admitting into evidence a photograph depicting the deceased victim. The photograph was properly admitted to illustrate the nature and extent of the victim's injury and to corroborate the testimony of the medical expert (*see, People v Stevens*, 76 NY2d 833, 836; *People v Ponce*, 213 AD2d 725, *lv denied* 85 NY2d 978; *People v Secore*, 187 AD2d 1008, 1009, *lv denied* 81 NY2d 847).

In light of the heinous nature of the crime, we conclude that defendant's sentence is neither unduly harsh nor severe.

Finally, we have reviewed the remaining contention of defendant and conclude that it is without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.