THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. BROWN, Appellant. (Appeal No. 1.) [680 NYS2d 328] —Judgment unanimously affirmed. Memorandum: Defendant was charged under indictment No. 93-523 with various offenses arising out of two separate incidents. He was charged with burglary in the second degree (Penal Law § 140.25 [2]) for knowingly entering or remaining unlawfully in the residence of Marie Bassett in the City of Utica on November 19, 1993. She found defendant asleep in her bed and called the police. When the police arrested him, they observed that he matched the description of a person wanted for the murder of 75-year-old Carmella Mastrangelo 10 days earlier. The remaining charges in the indictment arise out of the murder of Ms. Mastrangelo, who was beaten to death during a robbery at her apartment in the City of Utica on November 9, 1993. Defendant was charged with intentional murder (Penal Law § 125.25 [1]), depraved indifference murder (Penal Law § 125.25 [2]), felony murder (Penal Law § 125.25 [3]), robbery in the first degree (Penal Law § 160.15 [1]), burglary in the first degree (Penal Law § 140.30 [2]), attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and petit larceny (Penal Law § 155.25) as a result of that incident.

Defendant was charged under indictment No. 94-187 with burglary in the first degree (Penal Law § 140.30 [2]), assault in the second degree (Penal Law § 120.05 [6]) and attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]). Those charges arose out of an incident that occurred on October 30, 1993, when defendant pushed his way into the apartment of 83-year-old Mary Zamorski, knocked her down, climbed on top of her and attempted to remove her clothing.

Following a jury trial, defendant was acquitted of burglary in the second degree and intentional murder and found guilty of the other charges.

County Court did not abuse its discretion in granting the People's motion to consolidate the two indictments. The motion for consolidation was addressed to the sound discretion of the court, and it cannot be said that the court abused its discretion in granting the motion (*see,* CPL 200.20 [5]; *People v Lane,* 56 NY2d 1, 8; *People v Gonzalez,* 229 AD2d 398, *lv denied* 88 NY2d 985). Nor did the court abuse its discretion in denying defendant's motion to sever the counts in indictment No. 93-523 relating to the Bassett burglary from those relating to the Mastrangelo burglary/homicide. Where, as here, the offenses are properly joinable because they are "the same or similar in law" (CPL 200.20 [2] [c]), a court may grant a severance upon a showing of "good cause" (CPL 200.20 [3] [a], [b]; *see, People v Lane, supra,* at 7; *People v O'Connor,* 242 AD2d 908, 909, *lv denied* 91 NY2d 895; *People v Cabrera,* 188 AD2d 1062, 1063; *People v Coble,* 168 AD2d 981, 982, *lv denied* 78 NY2d 954). Defendant failed to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of the charges (*see,* CPL 200.20 [3] [a], [b]; *People v Lane, supra,* at 8-9).

There is no merit to defendant's contention that the multiple identification procedures, viz., photo array, subsequent line-up and voice identification, were unduly suggestive (*see, People v Munoz,* 223 AD2d 370, *lv denied* 88 NY2d 990; *People v Sorenson,* 112 AD2d 1016, *lv denied* 66 NY2d 767).

The court did not abuse its discretion in admitting into evidence the photographs depicting the deceased victim. Photographs should be excluded only if their sole purpose is to arouse the emotions of the jury and to prejudice the defendant (*People v Pobliner,* 32 NY2d 356, 370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *People v Secore,* 187 AD2d 1008, 1009, *lv denied* 81 NY2d 847). The photographs were properly admitted to illustrate the nature and extent of the victim's injuries and to corroborate the testimony of the medical expert (*see, People v Stevens,* 76 NY2d 833, 836; *People v Domblewski,* 238 AD2d 916, 917, *lv denied* 90 NY2d 904; *People v Secore, supra,* at 1009).

Finally, we note that the sentence of 2⅓ to 7 years imposed upon defendant's conviction of attempted sexual abuse in the first degree, a class E felony, is illegal because it exceeds the statutory maximum. Thus, it must be vacated (*see, People v George,* 217 AD2d 987, 989, *lv denied* 86 NY2d 842). Therefore,

we modify the judgment by vacating the sentence imposed for attempted sexual abuse in the first degree, and we remit the matter to Oneida County Court for resentencing on that count. In view of the heinous nature of the offenses, the sentence is otherwise neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Buckley, J.—Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.