■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ORSO, Appellant. [706 NYS2d 805] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]), one count of robbery in the first degree (Penal Law § 160.15 [3]) and two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). Defendant and codefendant entered an unlocked home, wearing ski masks, and discovered that the 13-year-old son of the owner was at home. Defendant obtained $60 from the boy when defendant threatened him with a hammer. The owner came home while defendant and codefendant were in the house, and defendant struck and injured the owner. Defendant was arrested later that day and gave a statement to the police. Defendant was sentenced as a persistent felony offender to 25 years to life on each count, to run concurrently.

The contention of defendant that his statement was involuntary due to psychological coercion and sleep deprivation is without merit (*cf., People v Miller,* 244 AD2d 828). Defendant did not testify at the *Huntley* hearing that the police promised to release him if he confessed, nor did he testify that he was tired. Furthermore, Supreme Court did not credit defendant's testimony that the police threatened to arrest defendant's girlfriend if defendant did not confess, and that credibility determination is entitled to great deference (*see, People v Prochilo,* 41 NY2d 759, 761). We also reject the contention of defendant that he was not given *Miranda* warnings. The hearing court's determination crediting the testimony of the police rather than

defendant is supported by the record (see, People v Prochilo, supra, at 761; People v Williams, 202 AD2d 976, lv denied 83 NY2d 916).

We reject the further contention of defendant that he was denied effective assistance of counsel because defense counsel did not call defendant's girlfriend as a witness at the Huntley hearing. Defendant's girlfriend was not present when defendant was questioned by police and defendant failed to demonstrate that he was prejudiced by defense counsel's failure to call her as a witness (see, People v Eldridge, 224 AD2d 983). The record establishes that defendant received meaningful representation (see, People v Baldi, 54 NY2d 137, 147).

We reject defendant's contention that the verdict convicting him of burglary in the second degree is against the weight of the evidence. We conclude, however, that the conviction of robbery in the first degree is legally insufficient (see, People v Bleakley, 69 NY2d 490, 495). The indictment alleges that defendant forcibly stole approximately $60 from the owner of the house, who was named in the indictment, and that defendant used or threatened the use of a dangerous instrument, to wit: a hammer. The evidence established that the owner's son was threatened with a hammer. Because the People chose to specify a fact to support a material element of the crime, i.e., the forcible theft of $60 from the owner of the house by use of a hammer, they were not "at liberty to present evidence that affirmatively disprove[d] it" (People v Roberts, 72 NY2d 489, 497; see, People v Powell, 153 AD2d 54, 57-58, lv denied 75 NY2d 969). We therefore modify the judgment by reversing the conviction of robbery in the first degree, vacating the sentence imposed thereon and dismissing count three of the indictment. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Kehoe, JJ.