■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PEARCE, Appellant. [725 NYS2d 247] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count seven of the indictment in accordance with the following Memorandum: We reject the contention of defendant that County Court erred in denying that part of his motion seeking to suppress the statement that he made to police at the hospital. Defendant contends that the statement was involuntary because he was in pain, having been shot in the foot, and deprived of sleep. The record establishes that defendant did not complain of or show outward signs that he was in pain while being questioned at the hospital, and he responded to questions in a coherent and appropriate manner. Moreover, defendant presented no evidence that he suffered from sleep deprivation during the approximately one-hour interview at the hospital (*see, People v Orso,* 270 AD2d 947, *lv denied* 95 NY2d 856). Based upon the totality of the circumstances, we conclude that defendant's statement was voluntarily made (*see, People v Jones,* 273 AD2d 889, *lv denied* 95 NY2d 854). We reject defendant's further contention that the court erred in imposing consecutive terms of imprisonment; the burglary and robbery offenses were not "committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]; *see, People v Bryant,* 92 NY2d 216, 231; *People v Jeanty,* 268 AD2d 675, 681, *lv denied* 94 NY2d 949). Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during summation (*see,* CPL 470.05 [2]; *People v Youngblood,* 261 AD2d 960, *lv denied* 93 NY2d 1029). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We agree with defendant, however, that the court erred in denying his request to charge criminal possession of a weapon in the fourth degree (Penal Law § 265.01) as a lesser included offense of criminal possession of a weapon in the second degree (Penal Law former § 265.03) under the seventh count of the indictment. Criminal possession of a weapon in the fourth

degree is a lesser included offense of criminal possession of a weapon in the second degree (*see, People v Gonzalez*, 227 AD2d 641, 641-642, *lv denied* 88 NY2d 985) and a reasonable view of the evidence supports a finding that defendant committed the lesser offense but not the greater (*see, People v Glover*, 57 NY2d 61, 63). We therefore modify the judgment by reversing the conviction under count seven of the indictment, vacating the sentence imposed thereon and granting a new trial on that count of the indictment. (Appeal from Judgment of Monroe County Court, Egan, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Lawton, JJ.