THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW FIGGINS, Appellant. [849 NYS2d 845]—

Appeal from a judgment of the Monroe County Court (John J. Schwartz, A.J.), rendered August 20, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as he failed to renew his motion

for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). We reject the further contention of defendant that his statutory and constitutional rights to a jury pool representing a fair cross section of the community were violated. "Defendant's motion papers failed to set forth sufficient facts demonstrating a systematic exclusion of African-Americans from the jury pool" (*People v Cotton*, 38 AD3d 1189, 1189 [2007], *lv denied* 8 NY3d 983 [2007]; *see People v Owens*, 39 AD3d 1260, 1260-1261 [2007], *lv denied* 9 NY3d 849 [2007]). Defendant offered no evidence indicating that the disproportionately lower percentage of African-Americans in the jury pool was attributable to some aspect of the process used to fill jury pools in Monroe County. Contrary to the further contention of defendant, County Court properly allowed the People to introduce in evidence his admission that he used crack cocaine inasmuch as that admission was relevant to the issue of motive (*see People v Tutt*, 305 AD2d 987 [2003], *lv denied* 100 NY2d 588 [2003]; *see generally People v Ventimiglia*, 52 NY2d 350, 359 [1981]; *People v Molineux*, 168 NY 264, 293-294 [1901]). Also contrary to the contention of defendant, he was properly sentenced as a persistent violent felony offender (*see generally* Penal Law § 70.08; *People v Young*, 255 AD2d 907, 908 [1998], *affd* 94 NY2d 171 [1999], *rearg denied* 94 NY2d 876 [2000]). We have considered defendant's remaining contention and conclude that it is without merit. Present— Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.