■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN OWENS, Appellant. [856 NYS2d 793]—

1370

[redacted]

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered May 31, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts) and rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]), as well as two counts of rape in the first degree (§ 130.35 [1]) with respect to a third victim. We reject defendant's contention that Supreme Court erred in refusing to direct the People to disclose records pertaining to a "community attitude survey" that was commissioned by the People prior to jury selection and in refusing to order an inquiry into the possible racial bias in the jury selection process caused by the People's use of that survey. The record establishes that the survey was completed several weeks prior to the commencement of jury selection and that none of the prospective jurors who ultimately were selected had participated in the survey. There is no indication in the record that any of the jurors were racially biased. Furthermore, we note that the court allowed unlimited voir dire on the issue of racial bias and that defendant employed his own jury consultant, who was present throughout jury selection. We therefore conclude that defendant was not denied his "right to a fair trial before an unbiased fact finder" (People v Arnold, 96 NY2d 358, 362 [2001]).

We also reject defendant's contention that the court abused its discretion in refusing to sever the murder counts from the

rape counts for trial (*see* CPL 200.20 [3]; *see generally People v Lane*, 56 NY2d 1, 7 [1982]; *People v Brown*, 254 AD2d 781, 782 [1998], *lv denied* 92 NY2d 1029 [1998]). Rape in the first degree was the underlying felony for each count of felony murder, and the People thus had to establish defendant's rape of the felony murder victims. We therefore conclude that the counts were properly joined inasmuch as the offenses are "similar in law" (CPL 200.20 [2] [c]; *see generally Brown*, 254 AD2d 781 [1998], *lv denied* 92 NY2d 1029 [1998]), and we further conclude that defendant failed to establish good cause for severance (*see* CPL 200.20 [3]).

We reject defendant's further contention that the court erred in permitting the victim who was the subject of the two rape counts to testify that during the course of the rape defendant stated, "I did this before. Sooner or later I'm going to get caught. I might as well face my consequences." The statement was properly admitted as part of the res gestae of the rape counts (*see People v Lewis*, 25 AD3d 824, 826 [2006], *lv denied* 7 NY3d 791 [2006]; *People v Ayala*, 273 AD2d 40 [2000], *lv denied* 95 NY2d 863 [2000]; *People v Chavys*, 263 AD2d 964, 965 [1999], *lv denied* 94 NY2d 821 [1999]), and it constituted an admission with respect to those counts (*see generally People v Geddes*, 49 AD3d 1255 [2008]; *People v Figgins*, 48 AD3d 1042 [2008]). We note that the court properly instructed the jury to consider the testimony only with respect to the rape counts, and not the murder counts, thus limiting " 'the possibility of prejudice' " (*People v Dozier*, 32 AD3d 1346, 1347 [2006], *lv dismissed* 8 NY3d 880 [2007]; *see generally People v Dickson*, 21 AD3d 646, 647 [2005]).

Defendant failed to preserve for our review his contention that the court erred in permitting a lay witness to give an expert opinion, i.e., that the bag that he observed defendant holding contained cocaine (*see generally People v Wade*, 38 AD3d 1315, 1316 [2007], *lv denied* 8 NY3d 992 [2007]; *People v Highsmith*, 254 AD2d 768, 769 [1998], *lv denied* 92 NY2d 983, 1033 [1998]). In any event, the record establishes that the witness merely surmised that the bag contained cocaine. By suggesting during defendant's cross-examination of that witness that the witness had identified defendant in order to collect a $5,000 reward, defendant opened the door to questioning of that witness and a police officer that the witness identified defendant six days before he inquired about the reward (*see generally People v James*, 48 AD3d 698 [2008]; *People v Seavy*, 16 AD3d 1130 [2005]; *People v Greene*, 306 AD2d 639, 642 [2003], *lv denied* 100 NY2d 594 [2003]). Defendant failed to preserve for our

review his further contention that the testimony of the officer improperly bolstered the testimony of the witness who identified defendant (*see People v Mattis*, 46 AD3d 929, 931 [2007]; *People v Gousse*, 43 AD3d 958 [2007]). In any event, any error in the admission of that testimony is harmless (*see generally People v Grant*, 7 NY3d 421, 424 [2006]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We further conclude that, although defendant is correct that the People violated a ruling of the court by eliciting testimony from the witness and the officer that the witness had identified defendant in a photographic array, the violation of that ruling also is harmless error (*see generally Grant*, 7 NY3d at 424). We reject defendant's contention that the court erred in instructing the jury with respect to the elements of intentional felony murder under Penal Law § 125.27 (1) (a) (vii). The court's instructions tracked the language contained in the Pattern Criminal Jury Instructions, and we conclude that the court "fairly instructed the jury on the correct principles of law to be applied to the case" (*People v Ladd*, 89 NY2d 893, 896 [1996]).

We reject defendant's further contention that Penal Law § 125.27 (1) (a) (vii) is unconstitutionally underinclusive because certain predicate felonies enumerated in Penal Law § 125.25 (3), felony murder in the second degree, are not included as predicate felonies for intentional felony murder in the first degree. The Court of Appeals has explained that one of the goals of the Legislature in enacting section 125.27 (1) (a) (vii) was to limit the predicate felonies for intentional felony murder to "those that are potentially the most violent and involve a substantial risk of physical injury" (*People v Harris*, 98 NY2d 452, 476 [2002]). We note that the predicate felonies contained in Penal Law § 125.25 (3), identified by defendant as having been irrationally omitted from section 125.27 (1) (a) (vii), are offenses that have less potential for violence and physical injury than those included therein. We therefore conclude that the decision of the Legislature to exclude certain predicate felonies is rational and thus that Penal Law § 125.27 (1) (a) (vii) is not unconstitutionally underinclusive (*see generally Harris*, 98 NY2d at 477).

Finally, we note that the certificate of conviction contains clerical errors, i.e., it omits the sentence imposed for the first count of murder in the first degree, it incorrectly reflects that defendant was convicted of murder in the first degree pursuant to Penal Law § 125.27-1G rather than section 125.27 (1) (a) (vii), and it incorrectly reflects that defendant was sentenced to an indeterminate sentence of 25 years to life for each of the two

rape counts, rather than a determinate sentence of 25 years. The certificate of conviction must therefore be amended to correct those clerical errors (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.