— Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 29, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree (two counts).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [former (4)]). Contrary to the contention of defendant, we conclude that he validly waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]). The challenge by defendant to the factual sufficiency of the plea allocution does not survive his valid waiver of the right to appeal (People v Dean, 48 AD3d 1244 [2008], lv denied 10 NY3d 839 [2008]). The contention of defendant that he was denied due process based on prosecutorial misconduct is also encompassed by his valid waiver of the right to appeal (see People v Fifield, 24 AD3d 1221, 1223 [2005], lv denied 6 NY3d 775 [2006]). We reject the contention of defendant that County Court abused its discretion in denying his motion to withdraw the plea without conducting a hearing (see People v Farley, 34 AD3d 1229 [2006], lv denied 8 NY3d 880 [2007]).
To the extent that the contention of defendant that he was denied effective assistance of counsel survives the plea and his waiver of the right to appeal (see People v Santos, 37 AD3d 1141 [2007] , lv denied 8 NY3d 950 [2007]), we conclude that it is without merit (see Fifield, 24 AD3d at 1222; see generally People v Ford, 86 NY2d 397, 404 [1995]). Defendant’s challenge to the voluntariness of the plea survives the appeal waiver, but defendant’s “factual recitation ‘did not negate any element of th[e] crime[s] or call into doubt his guilt or the voluntariness of the plea, so as to require further inquiry by County Court’ ” (People v Wyant, 47 AD3d 1068, 1069 [2008], lv denied 10 NY3d 873 [2008], quoting People v Simmons, 27 AD3d 786, 786 [2006], lv denied 7 NY3d 763 [2006]). Contrary to the further contention of defendant, he was properly sentenced as a persistent violent felony offender (see People v Figgins, 48 AD3d 1042, 1043 [2008] , lv denied 10 NY3d 840 [2008]). Present — Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.