■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE LARD, Also Known as LONNIE ANTHONY, Appellant. (Appeal No. 2.) [896 NYS2d 761]—Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Sheila A. DiTullio, J.), entered November 26, 2008. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of attempted assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals, with permission of a Justice of this Court, from an order denying his CPL 440.10 motion to vacate the judgment convicting him of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). On a prior appeal, we reversed the order denying his motion to vacate the judgment, determining that his "contention pursuant to CPL 440.10 (1) (a), i.e., that the superior court information was jurisdictionally defective, may have merit" (*People v Lard*, 45 AD3d 1331, 1332 [2007]). We noted that County Court had rejected that contention on the ground that sufficient facts appeared on the face of the record to have permitted appellate review on a direct appeal, thereby requiring denial of the motion pursuant to CPL 440.10 (2) (c) based on defendant's unjustifiable failure to take a timely appeal. We were unable to discern on the record before us whether the failure of defendant or defense counsel to take a timely appeal was

justifiable, however, and we therefore reversed the order and remitted the matter to County Court for a hearing on that issue (*id.* at 1332-1333). Contrary to the contention of defendant, the court did not abuse its discretion in again denying his motion following the hearing. There was conflicting testimony on the issue whether defendant notified defense counsel that he wished to take an appeal from the judgment of conviction within the statutory period, and the court was entitled to resolve that issue against defendant. "The court's credibility determination is entitled to great weight . . . , and we perceive no basis for reversal on the record before us" (*People v Smith*, 16 AD3d 1081, 1082 [2005], *lv denied* 4 NY3d 891 [2005]; *see generally People v Dukes*, 106 AD2d 906 [1984]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.