SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**800**

**KA 11-00103**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JOHN M. MANTOR, DEFENDANT-APPELLANT.

---

DAVID M. GIGLIO, UTICA (ALYSSA O'NEIL OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 22, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, burglary in the second degree and arson in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the first degree (Penal Law § 140.30 [3]), burglary in the second degree (§ 140.25 [2]) and arson in the third degree (§ 150.10 [1]). The evidence at trial established that defendant broke into his ex-girlfriend's residence and set fire to the premises, causing significant property damage. Defendant failed to preserve for our review his contention that County Court erred in admitting in evidence photographs depicting various relatives of his ex-girlfriend in her residence prior to the fire (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Given the innocuous nature of the photographs and the minimal prejudice suffered by defendant as a result of their admission in evidence, we conclude that defense counsel's failure to object to the photographs on relevancy grounds did not deprive defendant of meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712-713). We similarly conclude that defendant was not deprived of meaningful representation as a result of his attorney's failure to retain an expert to testify in support of his intoxication defense. " 'Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (*People v Jurgensen*, 288 AD2d 937, 938, *lv denied* 97 NY2d 684; *see People v Hunter*, 70 AD3d 1388, 1389, *lv denied* 15 NY3d 751).

Defendant further contends that statements he made to police officers investigating the fire should have been suppressed because he had invoked his right to counsel earlier that morning on an unrelated charge. We reject that contention. "Under New York's indelible right to counsel rule, a defendant in custody in connection with a criminal matter for which he is represented by counsel may not be interrogated in the absence of his attorney with respect to that matter or an unrelated matter unless he waives the right to counsel in the presence of his attorney" (*People v Lopez*, 16 NY3d 375, 377; *see People v Rogers*, 43 NY2d 167, 169-174). Here, defendant was not in custody on the unrelated charge for which he had previously invoked his right to counsel, and thus he did not have a derivative right to counsel with respect to the arson charge (*see People v Steward*, 88 NY2d 496, 500-502, *rearg denied* 88 NY2d 1018; *People v Osborne*, 88 AD3d 1284, 1286; *People v Scaccia*, 6 AD3d 1105, 1105-1106, *lv denied* 3 NY3d 681).

Entered:  June 15, 2012                          Frances E. Cafarell
                                                 Clerk of the Court