# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**108**

**KA 10-01077**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JASON R. VOTRA, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (MARK MOODY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 10, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of robbery in the second degree (Penal Law § 160.10 [1]). We reject defendant's contention that County Court abused its discretion in denying his motion for recusal. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*People v Moreno*, 70 NY2d 403, 405-406; *see People v Williams*, 66 AD3d 1440, 1441-1442, *lv denied* 13 NY3d 911). Moreover, the court was not obligated to recuse itself on the ground that it had presided over the trial of defendant's codefendant (*see People v Bennett*, 238 AD2d 898, 899-900, *lv denied* 90 NY2d 890, *cert denied* 524 US 918).

Defendant further contends that his indelible right to counsel was violated because he was represented on unrelated charges at the time he was questioned by the police with respect to the present offense. We reject that contention. "[D]efendant was not in custody on the unrelated charge[s] for which he had previously invoked his right to counsel, and thus he did not have a derivative right to counsel with respect to the [robbery] charge" (*People v Mantor*, 96 AD3d 1645, 1646, *lv denied* 19 NY3d 1103; *see People v Steward*, 88 NY2d 496, 500-502, *rearg denied* 88 NY2d 1018). Defendant's contention that the court abused its discretion in denying his request for an

adjournment of the trial in order to obtain a transcript of his codefendant's trial is without merit, particularly given that the transcript might never be available due to the serious illness of the court reporter who transcribed the codefendant's trial. " 'The court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice' " (*People v Aikey*, 94 AD3d 1485, 1486, *lv denied* 19 NY3d 956; *see People v Arroyo*, 161 AD2d 1127, 1127, *lv denied* 76 NY2d 852), which was not established here.

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence because he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant, acting with his codefendant who was actually present, forcibly stole cocaine and money from the respective victims (*see People v Leggett*, 101 AD3d 1694, 1694; *see generally People v Danielson*, 9 NY3d 342, 349; *People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), we further conclude that, although a different result would not have been unreasonable, the jury did not fail to give the conflicting evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

We have reviewed defendant's remaining contentions and conclude that none requires modification or reversal of the judgment.

Entered:  March 15, 2013                    Frances E. Cafarell
                                             Clerk of the Court