# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**434**

**KA 08-02049**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

SHAWN M. CAMPBELL, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH, FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Steuben County Court (Joseph W. Latham, J.), entered July 1, 2008. The appeal was held by this Court by order entered February 10, 2011, decision was reserved and the matter was remitted to Steuben County Court, for further proceedings (81 AD3d 1251). The proceedings were held and completed.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: We previously held this case and remitted the matter to County Court for a hearing on defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him upon his plea of guilty on the seventh day of trial of, inter alia, two counts of murder in the second degree under Penal Law § 125.25 (1) and (3) (*People v Campbell*, 81 AD3d 1251). Defendant contended that he was denied effective assistance of counsel by both trial counsel and the attorney who represented him on his motion to withdraw the plea (motion counsel). We directed the court on remittal to conduct a hearing to determine whether defendant's trial counsel knew of potentially exculpatory evidence, i.e., letters from an inmate to the District Attorney alleging that he had information about the crime, and whether trial counsel related the contents of those letters to defendant. Motion counsel admitted that he did not see the letters in defendant's file and did not use that information as a basis to support the motion to withdraw the plea.

Following the hearing, the court credited the testimony of trial counsel that the prosecutor had provided him with copies of the letters, that he discussed the letters with defendant on three occasions, and that he and defendant determined that they had no exculpatory value. The court also credited the prosecutor's testimony

that the subject of the letters was raised by defendant in a conference during jury selection between the prosecutor, defendant and trial counsel. The prosecutor testified that trial counsel stated to defendant during the conference, which was requested by defendant, that they both knew that the letters were "bulls---t." The prosecutor further testified that the author of the letters refused to speak with law enforcement officials without the promise of a benefit. The court refused to credit defendant's testimony that he did not know about the letters until after he was sentenced, when his file was provided to him by motion counsel. We will not disturb the court's determination that defendant knew about the letters before he pleaded guilty, which is supported by the record and is entitled to deference (*see People v Lard*, 71 AD3d 1468, 1469, *lv denied* 14 NY3d 885, *reconsideration denied* 15 NY3d 771; *People v Smith*, 16 AD3d 1081, 1082, *lv denied* 4 NY3d 891).

Based upon the evidence adduced at the hearing and the court's credibility determinations, we conclude that defendant was not denied effective assistance of counsel either by trial counsel or by motion counsel. Defendant failed to establish that trial counsel's failure to conduct a further investigation into the reliability of the information contained in the letters or to use the letters in his defense lacked a strategic basis (*see People v Benevento*, 91 NY2d 708, 712). Further, defendant received an advantageous plea agreement on the last day of the People's case, and "nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404). Inasmuch as the evidence at the hearing supports the court's determination that defendant knew about the letters before he pleaded guilty, we conclude that the failure of the motion attorney to use the letters in further support of the motion to withdraw the plea, which was based upon allegations that trial counsel coerced him into pleading guilty, did not deprive him of meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's contention, the court did not abuse its discretion in refusing to recuse itself from conducting the hearing on remittal. The court's determination that it could be impartial was solely a matter of discretion, and there is no basis on this record to determine that the court abused its discretion (*see People v Moreno*, 70 NY2d 403, 405-406; *People v Votra*, 104 AD3d 1160, ___; *People v Bedell*, 84 AD3d 1733, 1733, *lv denied* 17 NY3d 857).

Although defendant preserved for our review his contention that the court erred in refusing to remove his wrist shackles during the hearing on remittal, he failed to preserve for our review his further contention that the court erred in failing to articulate a finding of necessity that he remain in leg irons (*see generally People v Robinson*, 49 AD3d 1269, 1270, *lv denied* 10 NY3d 869), and we decline to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Even assuming, arguendo, that defendant correctly contends that he had the right to be free of wrist shackles in this postconviction hearing (*cf. People v Best*, 19 NY3d 739, 743), we nevertheless conclude that the court's error in failing to articulate a finding of necessity to free only one of defendant's

wrists from the shackles is harmless beyond a reasonable doubt because the error
" 'did not contribute to the [decision] obtained' " (*People v Clyde*, 18 NY3d 145, 153, quoting *Deck v Missouri*, 544 US 622, 635).

We reject defendant's contention that the trial prosecutor was disqualified from testifying at the hearing based on the advocate-witness rule inasmuch as that prosecutor did not represent the People at the hearing (*see generally People v Paperno*, 54 NY2d 294, 299-300). Defendant failed to demonstrate a " 'substantial likelihood that prejudice resulted' " from the trial prosecutor's participation in a prehearing conference wherein the District Attorney, who represented the People at the hearing, opposed defendant's request for an adjournment (*see People v Shoga*, 89 AD3d 1225, 1230-1231, *lv denied* 18 NY3d 886). Finally, defendant did not seek the appointment of a special prosecutor and thus failed to preserve for our review his contention that the court erred in failing to appoint one (*cf. id.* at 1230).

Entered:  May 3, 2013                              Frances E. Cafarell
                                                    Clerk of the Court