# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1157**

**KA 12-00437**

PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

BRYAN M. ASHLINE, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered December 21, 2011.  The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts), murder in the second degree (two counts), aggravated criminal contempt and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of two counts of murder in the second degree and dismissing counts three and four of the indictment and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and two counts of murder in the second degree (§ 125.25 [1]).  The charges arose from the brutal killing of defendant's ex-girlfriend and her infant son on Father's Day.  Defendant admitted to the killings but asserted the affirmative defense of extreme emotional disturbance with respect to both murder in the first degree (§ 125.27 [2] [a]) and murder in the second degree (§ 125.25 [1] [a]).

We note at the outset that, as the People correctly concede, those parts of the judgment convicting defendant of murder in the second degree must be reversed and those counts dismissed because they are inclusory concurrent counts of the two counts of murder in the first degree (*see* CPL 300.40 [3] [b]; *People v Howard*, 92 AD3d 1219, 1220, *lv denied* 19 NY3d 864, *reconsideration denied* 19 NY3d 997).  We therefore modify the judgment accordingly.

We reject defendant's contention that his statements to the police were not voluntarily made because he suffered from sleep

deprivation during the questioning and also was in pain due to his hand injury.  The record of the suppression hearing establishes that defendant was asleep when he was apprehended and that he slept during the almost hour-long transport between police stations, and, indeed, he did not testify at the suppression hearing that he was tired at the time of questioning (*see People v Pearce*, 283 AD2d 1007, 1007, *lv denied* 96 NY2d 923; *People v Orso*, 270 AD2d 947, 947, *lv denied* 95 NY2d 856).  The record also establishes that defendant was alert and made coherent decisions about the topics of discussion with the police.  Furthermore, with respect to defendant's hand injury, "[t]he record establishes that defendant did not complain of or show outward signs that he was in pain while being questioned" (*Pearce*, 283 AD2d at 1007).  Based on the totality of the circumstances, we conclude that defendant's statements to the police were voluntarily made (*see People v Young*, 303 AD2d 952, 953; *Pearce*, 283 AD2d at 1007; *see generally People v Anderson*, 42 NY2d 35, 38-39).

Defendant further contends that he was improperly restrained in handcuffs during the suppression hearing, which hindered his ability to participate meaningfully in his defense, and that the court committed reversible error in requiring him to wear a stun belt during the trial without setting forth a reason for the use of the stun belt. With respect to being restrained in handcuffs, the court denied defense counsel's request to remove defendant's handcuffs during the suppression hearing in accordance with the County Sheriff's policy. Although the court's response was error, inasmuch as a court "must state a particularized reason for [restraining defendant] on the record" even at a bench trial (*People v Best*, 19 NY3d 739, 743), we nevertheless conclude that the error is harmless beyond a reasonable doubt because the error "did not contribute to the [court's decision]" on the suppression issue (*People v Clyde*, 18 NY3d 145, 153, *cert denied* ___ US ___, 132 S Ct 1921 [internal quotation marks omitted]; *see People v Campbell*, 106 AD3d 1507, 1509, *lv denied* 21 NY3d 1002). With respect to the stun belt, we note that the requirement to wear the stun belt is not a mode of proceedings error and, therefore, such an error may be waived (*see generally People v Schrock*, 108 AD3d 1221, 1224-1225, *lv denied* 22 NY3d 998).  Here, defendant waived his contention because he agreed to wear the stun belt, despite the court having informed defendant that he was entitled to a hearing to make findings as to the necessity of the belt (*see generally id.; People v Worth*, 233 AD2d 939, 940).

We also reject defendant's contention that the court abused its discretion by admitting in evidence certain photographs of the victims and crime scene (*see generally People v Pobliner*, 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905).  Here, the photographs were relevant to show defendant's intent to kill, to corroborate the Medical Examiner's testimony concerning the cause of death, and to aid the jury in determining whether the victims' wounds and crime scene provided evidence that defendant acted under the influence of extreme emotional disturbance (*see People v Stevens*, 76 NY2d 833, 836; *People v Camacho*, 70 AD3d 1393, 1394, *lv denied* 14 NY3d 886; *People v Jones*, 43 AD3d 1296, 1297-1298, *lv denied* 9 NY3d 991,

*reconsideration denied* 10 NY3d 812; *People v Giles*, 20 AD3d 863, 864, *lv denied* 5 NY3d 806).

We further reject defendant's contention that the evidence is legally insufficient to support the conviction of murder in the first degree inasmuch as he established the defense of extreme emotional disturbance by a preponderance of the evidence. As defendant correctly concedes, he failed to preserve that contention for our review because he made only a general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19). In any event, defendant's contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). The defense of extreme emotional disturbance requires evidence " 'of a subjective element, that defendant acted under an extreme emotional disturbance, and an objective element, that there was a reasonable explanation or excuse for the emotional disturbance' " (*People v Diaz*, 15 NY3d 40, 44-45; *see People v Roche*, 98 NY2d 70, 75-76; *People v Domblewski*, 238 AD2d 916, 916, *lv denied* 90 NY2d 904). Generally, a defendant receives the benefit of the defense "only when the trier of fact, after considering a broad range of mitigating circumstances, believes that such leniency is justified" (*People v Casassa*, 49 NY2d 668, 681, *cert denied* 449 US 842; *see Domblewski*, 238 AD2d at 916). Here, the jury was entitled to consider defendant's conduct immediately before and after the killings (*see People v Jarvis*, 60 AD3d 1478, 1479, *lv denied* 12 NY3d 916; *People v McGrady*, 45 AD3d 1395, 1395, *lv denied* 10 NY3d 813; *Domblewski*, 238 AD2d at 916), from which the jury could reasonably conclude that defendant failed to meet his burden of establishing the defense (*see generally Bleakley*, 69 NY2d at 495). Furthermore, viewing the evidence in the light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Sorrentino*, 12 AD3d 1197, 1197, *lv denied* 4 NY3d 748; *People v Burse*, 234 AD2d 950, 950, *lv denied* 89 NY2d 1033; *see generally Bleakley*, 69 NY2d at 495).

Defendant contends that he was deprived of effective assistance of counsel based on defense counsel's failure to object to the use of the stun belt and the failure to make a specific rather than a general motion for a trial order of dismissal. We reject that contention. Inasmuch as defendant waived his contention concerning the stun belt by consenting to wear it, defense counsel was not ineffective for failing to object to the use of the stun belt (*see generally Schrock*, 108 AD3d at 1225). Further, "[t]he failure to provide a specific basis for a trial order of dismissal that had no chance of success does not constitute ineffective assistance of counsel" (*People v Woodard*, 96 AD3d 1619, 1621, *lv denied* 19 NY3d 1030; *see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Finally, defendant's sentence is not unduly harsh or severe.

Entered:  January 2, 2015                        Frances E. Cafarell
                                                 Clerk of the Court