# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

381

CA 14-01808

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF DANIEL VEGA, CONSECUTIVE NO. 48447, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

V                                            MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.
(APPEAL NO. 1.)

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(PATRICK T. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Joseph
E. Fahey, A.J.), entered September 5, 2014 in a proceeding pursuant to
Mental Hygiene Law article 10. The order, among other things,
directed that petitioner shall continue to be committed to a secure
treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In appeal No. 1, petitioner appeals from an order,
entered after an annual review hearing pursuant to Mental Hygiene Law
§ 10.09 (d), determining that he currently suffers from a mental
abnormality as defined by section 10.03 (i) and directing that
petitioner continue to be confined to a secure treatment facility (*see*
§ 10.09 [h]). In appeal No. 2, petitioner appeals from an order,
which, among other things, denied petitioner's motion pursuant to CPLR
5015 (a) to vacate the order that is the subject of appeal No. 1. We
affirm in both appeals.

We reject petitioner's contention that the evidence is not
legally sufficient to show "a congenital or acquired condition,
disease or disorder that affects the emotional, cognitive, or
volitional capacity of a person in a manner that predisposes him or
her to the commission of conduct constituting a sex offense" (Mental

Hygiene Law § 10.03 [i]).  Although it is well established that a diagnosis of antisocial personality disorder (ASPD) is, by itself, "insufficient, as a matter of law, to support a 'mental abnormality' finding" (*Matter of Groves v State of New York*, 124 AD3d 1213, 1214), here, both respondents' expert and petitioner's expert agreed that petitioner had a mental abnormality—specifically, that petitioner had diagnoses of ASPD, alcohol and cocaine dependency, and psychopathic traits along with a history of sexual preoccupation.  Moreover, respondents' expert indicated that petitioner exhibited "sexually sadistic behavioral indicators."  Considering the evidence in the light most favorable to respondents (*see Matter of State of New York v John S.*, 23 NY3d 326, 348, *rearg denied* 24 NY3d 933), we conclude that there is sufficient evidence of petitioner's diagnosis of ASPD, along with sufficient evidence of other diagnoses and/or conditions, to sustain a finding of mental abnormality (*see* § 10.03 [i]; *Matter of State of New York v Williams*, ___ AD3d ___ [May 6, 2016]; *Matter of State of New York v Ian I.*, 127 AD3d 766, 767-768).

Petitioner failed to preserve for our review his contention that the evidence is not legally sufficient to establish that he has serious difficulty in controlling or an inability to control his sexual misconduct inasmuch as he did not move for a directed verdict pursuant to CPLR 4401 or challenge the sufficiency of the evidence on those points in any other way (*see Matter of State of New York v David S.*, 136 AD3d 445, 447).  In any event, upon our review of the record, we conclude that respondents established by the requisite clear and convincing evidence that petitioner "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; *see Matter of State of New York v Floyd Y.*, 135 AD3d 70, 72-75; *Matter of Richard TT.*, 132 AD3d 72, 76-78, *lv granted* __ NY3d __ [argued May 31, 2016]).

We reject petitioner's further contention that the determination is against the weight of the evidence.  Supreme Court "was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented . . . , and we see no reason to disturb the court's decision to credit the testimony of [respondents'] expert[]" (*Matter of State of New York v Parrott*, 125 AD3d 1438, 1439, *lv denied* 25 NY3d 911 [internal quotation marks omitted]).

Finally, petitioner contends that he is entitled to a new hearing because the court violated his due process rights when it rejected his request to remove his shackles and then failed to provide a reasonable justification for the same.  Although the court erred in failing to provide a " 'particularized reason for [restraining petitioner] on the record' " (*People v Ashline*, 124 AD3d 1258, 1259), we conclude that the error is "harmless beyond a reasonable doubt because the error did not contribute" to the determination herein (*People v Campbell*, 106 AD3d 1507, 1509, *lv denied* 21 NY3d 1002 [internal quotation marks

omitted]).

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court