■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WADE CREIGHTON, Appellant. [749 NYS2d 309] —Mugglin, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 2, 2002, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was charged in an indictment with the crimes of assault in the second degree and burglary in the second degree as a result of his having gone to the home of Jonathan McDonald, accompanied by friends, and engaging in a fight with McDonald, striking him in the head with a shovel. He ultimately pleaded guilty to burglary in the second degree in full satisfaction of this indictment. Two other pending indictments, one charging defendant with murder in the second degree (two counts) and robbery in the third degree, and a second charging him with attempted promoting prison contraband in the first degree, were disposed of in connection with the plea. The District Attorney noted during the plea proceedings that a conviction against defendant for the crime of murder was unlikely given the recantation of a key witness. Consequently, it was agreed that the indictment containing the murder charges would be encompassed by the plea and the father of the murder victim would be permitted to make a statement before the sentencing court. In addition, it was agreed that defendant would receive a determinate prison term of between 3½ and 15 years, and would waive his right to appeal with respect to the plea.

At sentencing, the murder victim's father made a statement to County Court urging imposition of the maximum sentence. The court sentenced defendant to a determinate term of 10 years in prison, followed by a five-year period of postrelease supervision. In addition, the court entered a permanent order of protection in favor of Jessica Vallance, a witness for the prosecution in the murder case, and her immediate family

members, which was to remain in effect until January 1, 2015. The court also entered a permanent order of protection in favor of Veronica Barkley and Mike Barkley, McDonald's mother and stepfather, and their immediate family members, which was to remain in effect until January 1, 2015. Defendant now appeals.

Initially, defendant contends that the 10-year prison term is harsh and excessive and that County Court improperly considered the murder charge in imposing it. Based upon our review of the record, we disagree. In imposing sentence, County Court indicated that it had considered the presentence investigation report, the memorandum as an aid to sentencing prepared by defendant, defendant's criminal record and his history of substance abuse. The presentence investigation report detailed the heinous nature of the burglary, involving the brutal beating of McDonald at his home which caused him injury. It further outlined defendant's extensive criminal record, consisting mainly of violent and drug-related offenses. In light of this and the fact that the 10-year prison term was well within the parameters of the plea agreement and less than the maximum sentence authorized by statute (*see* Penal Law § 70.02 [1] [b]; [2] [a]; § 70.06 [6] [b]), we find no extraordinary circumstances warranting a reduction in the interest of justice (*see People v Mayerhofer*, 283 AD2d 672, 675; *People v Torres*, 262 AD2d 669, 669, *lv denied* 93 NY2d 1028). The fact that the murder victim's father made a statement at sentencing does not establish that the court considered inappropriate factors in imposing sentence since this was an agreed condition of the plea.

Defendant further contends that both orders of protection violate CPL 530.13 (4). Due to amendments in 1995, there are two versions of this provision, one effective until September 30, 2005 and the second effective thereafter (*see* L 1995, ch 3, § 74). The former provides, in pertinent part:

"Upon conviction of any offense * * * the court may, in addition to any other disposition, * * * enter an order of protection. * * * In addition to any other conditions such an order may require that the defendant:

"(a) stay away from the home, school, business or place of employment of the victim or victims *or of any witness designated by the court*, of such offense;

"(b) refrain from harassing, intimidating, threatening or otherwise interfering with the victim or victims of the offense and such members of the family or household of such victim or

victims as shall be specifically named * * * in such order" (CPL 530.13 [4]) (emphasis added).

Contrary to defendant's claim, both versions include the language in CPL 530.13 (4) (a) "any witness designated by the court" (see L 1998, ch 610). Consequently, the fact that Vallance was a witness instead of a victim would not necessarily render the order of protection issued in her favor invalid under the above statute. However, the statute requires that the witness in whose favor an order of protection is issued be a witness "designated by the court, of such offense" of which the defendant was convicted (CPL 530.13 [4] [a] [emphasis added]). Insofar as Vallance was a witness to the unrelated murder and not to the burglary, the offense for which defendant was convicted as a result of his plea, the order of protection issued in her favor was not authorized by the statute and is, therefore, invalid.

As for the order of protection issued in favor of the Barkleys, they were, in fact, victims of the burglary inasmuch as they owned the residence where the attack, which resulted in property damage, occurred. However, the order was deficient insofar as it did not specifically name the family members related to the Barkleys to whom it extended (see CPL 530.13 [4] [b]). Accordingly, the matter must be remitted to County Court to remedy this defect.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as entered an order of protection in favor of Jessica Vallance; said order vacated and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. [Original decision recalled and vacated and new decision substituted by unpublished order entered Jan. 10, 2003.]