■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN SNAGG, Also Known as "LOVE," Appellant. [825 NYS2d 874]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 25, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and conspiracy in the second degree.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence be and the same hereby is

unanimously dismissed (*see People v Haywood*, 203 AD2d 966 [1994], *lv denied* 83 NY2d 967 [1994]) and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [former (1)]) and conspiracy in the second degree (§ 105.15). Supreme Court properly denied suppression of the cocaine. The arrest of defendant and the seizure of the cocaine discarded by him during his attempted flight from police were supported by probable cause to believe that defendant was engaged in a criminal conspiracy to distribute cocaine (*see People v Harper*, 236 AD2d 822, 823 [1997], *lv denied* 89 NY2d 1094 [1997]; *see generally People v Carrasquillo*, 54 NY2d 248, 254 [1981]). Moreover, under the circumstances of this case, in which probable cause for the arrest of defendant was made out on papers alone, viz., the applications for the eavesdropping warrants, and in which the suppression hearing conducted by the court prior to the retrial appears to have been entirely superfluous (*cf. People v Dunn*, 155 AD2d 75, 80 [1990], *affd* 77 NY2d 19 [1990], *cert denied* 501 US 1219 [1991]; *People v Glen*, 30 NY2d 252, 262 [1972], *cert denied sub nom. Baker v New York*, 409 US 849 [1972]; *People v Solimine*, 18 NY2d 477, 480 [1966], *rearg denied* 21 NY2d 1041 [1968]), we conclude that any error in the manner in which the court conducted the suppression hearing could not have prejudiced defendant.

Contrary to defendant's contention, "[a]n indictment for conspiracy need not allege every overt act" committed by defendant, and "[i]f the indictment provides sufficient detail about the scope and nature of the conspiracy and the major overt acts committed in furtherance of it, then evidence may be offered at trial of related overt acts" (*People v Ribowsky*, 77 NY2d 284, 292-293 [1991]). Moreover, evidence of those overt acts, even though they amount to uncharged crimes, may be adduced at defendant's trial for conspiracy without violating the *Molineux* rule (*see People v Morales*, 309 AD2d 1065, 1066 [2003], *lv denied* 1 NY3d 576 [2003], citing *Ribowsky*, 77 NY2d at 292-293; *see also People v McKnight*, 281 AD2d 293 [2001], *lv denied* 96 NY2d 865, 904 [2001]; *People v Jimenez*, 281 AD2d 176 [2001], *lv denied* 96 NY2d 830 [2001]). The Deputy Attorney General had statutory authority to obtain the wiretapping and search warrants and to prosecute this case in Onondaga County (*see* Executive Law § 70-a [1], [4], [7]; *see also* CPL 700.05 [5]; *People v Vespucci*, 144 AD2d 48, 51, 55-56 [1988], *affd* 75 NY2d 434, 437-438 [1990]; *People v Leale*, 151 AD2d 611, 612-613 [1989], *lv denied* 75 NY2d 869, 76 NY2d 738 [1990]).

In light of defendant's subsequent resentencing, we do not consider the challenge to the severity of the original sentence. We have considered defendant's other contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Centra and Pine, JJ.