SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

658
KA 10-01241
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JESSIE J. BARNES, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (JOHN E. TYO OF COUNSEL),
FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered May 26, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts), grand larceny in the third degree (two counts), grand larceny in the fourth degree (two counts) and criminal mischief in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts each of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the third degree (§ 155.35 [1]), grand larceny in the fourth degree (§ 155.30 [7]), and criminal mischief in the third degree (§ 145.05 [2]). The convictions arise from two residential burglaries committed by defendant in the Town of Victor on the same day. We agree with defendant that County Court erred in ordering him to wear a stun belt and then shackles at trial without first making "findings on the record" concerning the necessity for such restraints (*People v Buchanan*, 13 NY3d 1, 4; *see People v Cruz*, 17 NY3d 941, 944-945; *see generally Deck v Missouri*, 544 US 622, 624). Although the court set forth a reasonable explanation for its use of restraints in response to a post-trial motion by defendant challenging, inter alia, the propriety of the use of the restraints, the court's post hoc explanation does not suffice inasmuch as the court was required to have considered the relevant factors and made a sufficient inquiry "*before*" making a finding that restraints were necessary (*Buchanan*, 13 NY3d at 4 [emphasis added]).

We reject the People's contention that reversal is not required because the error is harmless. Even assuming, arguendo, that the error is harmless with respect to the use of the shackles (*see People v Clyde*, 18 NY3d 145, 153-154), we note that the Court of Appeals did

not apply harmless error analysis in *Buchanan* to the improper use of a stun belt, and *Cruz* (17 NY3d at 945 n) makes clear that the improper use of a stun belt is not subject to harmless error analysis.

We reject defendant's further contentions that the court erred in denying his pretrial motion to dismiss the indictment based on the prosecutor's allegedly improper impeachment of him before the grand jury regarding his criminal record (*see People v Burton*, 191 AD2d 451, *lv denied* 81 NY2d 1011), and that the court erred in denying his motion for a trial order of dismissal based on legally insufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We need not address defendant's remaining contentions in light of our decision to grant defendant a new trial.

Entered:  June 15, 2012                                    Frances E. Cafarell
                                                          Clerk of the Court