# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

879

KA 11-00358

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL L. SCHROCK, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE C. FODOR OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL L. SCHROCK, DEFENDANT-APPELLANT PRO SE.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Cattaraugus County Court (Michael L. Nenno, J.), entered January 4, 2011.  The order denied the CPL 440.10 motion of defendant.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Cattaraugus County Court for further proceedings.

Memorandum:  Defendant appeals from an order denying his motion to vacate the judgment of conviction pursuant to CPL 440.10.  The judgment had been entered following a jury trial at which defendant was found guilty of having committed numerous felonies, including attempted murder in the first degree and robbery in the first degree. In support of his CPL 440.10 motion, defendant contended that he is entitled to a new trial because he was improperly required to wear a stun belt at trial.  Defendant further contended that he is entitled to a new trial because his trial attorney was ineffective for failing to object to the use of the stun belt and for failing "to adequately develop" his insanity defense.  According to defendant, in pursuing that defense his trial attorney should have interviewed defendant's fellow inmate, who had provided the attorney with a written statement in which he claimed to have overheard various jail deputies talking about defendant's mental condition.  County Court denied the motion following a hearing.

We agree with the court that defendant was not deprived of effective assistance of counsel.  As the court properly determined, defense counsel was not ineffective in failing to object to the use of the stun belt inasmuch as the seminal case regarding the use of stun belts, *People v Buchanan* (13 NY3d 1), was not decided until

approximately two years after defendant's trial.  We note that defendant wore the stun belt for only one day of trial, during the testimony of the People's rebuttal witness, and he never complained to anyone — including his attorney — about having to wear it.  In addition, there is no indication in the record that the stun belt affected defendant's ability to communicate with his attorney.  We also reject defendant's claim that defense counsel did not adequately develop his insanity defense by, e.g., failing to interview a fellow inmate, and thus was ineffective.  Even assuming, arguendo, that the fellow inmate provided a written statement to defendant's attorney setting forth that he overheard jail deputies discussing defendant's mental condition, we conclude that the fellow inmate possessed only hearsay information and thus could not have been called as a witness at trial.  The record also demonstrates that defendant's attorney called numerous witnesses at trial to support the insanity defense, including employees of the jail who observed defendant's behavior while incarcerated.

We now turn to defendant's contention that he was improperly required to wear the stun belt.  As the court recognized, the use of the stun belt in this case was improper under *Buchanan* because such use was not approved by the court; in fact, the court was not aware that the Sheriff had outfitted defendant with the stun belt. Nevertheless, the court determined that, although the use of the stun belt was improper, the error was harmless in light of the "totality of the evidence."  As we recently held in *People v Barnes* (96 AD3d 1579, 1579-1580), the improper use of a stun belt is not subject to harmless error analysis (*see People v Cruz*, 17 NY3d 941, 945 n).

Although there may be other reasons to justify the denial of defendant's motion, the only issues that we may consider on this appeal are those that "may have adversely affected the appellant" (CPL 470.15 [1]; *see People v Concepcion*, 17 NY3d 192, 194-195; *People v LaFontaine*, 92 NY2d 470, 473-474).  Thus, our review is limited to the issues determined by the court in denying the motion, i.e., that defense counsel was not ineffective and that the error in requiring defendant to wear a stun belt is harmless, and for the reasons set forth herein we conclude that the court erred in determining that harmless error analysis is applicable.  We therefore hold this case, reserve decision, and remit the matter to County Court to rule upon any other issues raised by the People in opposition to the motion.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court