# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

800

KA 11-00358

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL L. SCHROCK, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE C. FODOR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of
the Supreme Court in the Fourth Judicial Department, from an order of
the Cattaraugus County Court (Michael L. Nenno, J.), entered January
4, 2011. The appeal was held by this Court by order entered October
5, 2012, decision was reserved and the matter was remitted to
Cattaraugus County Court for further proceedings (99 AD3d 1196). The
proceedings were held and completed.

It is hereby ORDERED that the order so appealed from is affirmed.

Memorandum: Defendant appeals from an order denying his motion
pursuant to CPL 440.10 to vacate a judgment convicting him following a
jury trial of two counts of attempted murder in the first degree,
among other felonies. We previously held the case, reserved decision
and remitted the matter to County Court to consider other possible
grounds for denying the motion (*People v Schrock*, 99 AD3d 1196, 1197).
This case is now before us following remittal, and we affirm.

The offenses were committed on May 3, 2006, when a deputy sheriff
was transporting defendant in a patrol car back to jail after a court
appearance on an unrelated charge. While he was sitting in the back
seat, defendant managed to free one hand from his handcuffs and attack
the deputy. Despite being choked and struck with the handcuffs by
defendant, the deputy stopped the car and exited the vehicle,
whereupon he was overpowered by defendant. During the ensuing
struggle, defendant grabbed the deputy's firearm and twice attempted
to shoot him, but the gun jammed and would not discharge. Defendant
then entered the patrol car and attempted to run over the deputy, who
had to dive out of the way to avoid being crushed. Defendant was
later apprehended by the police after a high-speed chase. At trial,
defendant did not deny that he engaged in the above conduct; instead,
he asserted that he was not responsible for his actions by reason of
mental disease or defect (*see* Penal Law § 40.15). The jury convicted

defendant of all counts of the indictment.

On direct appeal, defendant contended, inter alia, that he was improperly restrained at trial by a stun belt, the use of which he did not object to at trial. The record was silent, however, on the issue of whether defendant actually wore a stun belt at trial. In affirming the judgment, we stated in relevant part that defendant's stun belt contention was unpreserved for our review and that, in any event, the contention "involves matters outside the record on appeal, and it therefore must be raised by way of a motion pursuant to CPL 440.10" (*People v Schrock*, 73 AD3d 1429, 1431, *lv denied* 15 NY3d 855; *see* CPL 440.10 [1] [f]). Defendant thereafter filed the instant CPL 440.10 motion, contending again that he was improperly required to wear a stun belt at trial. Defendant further contended that he was denied effective assistance of counsel by his trial attorney. The court conducted a hearing on the motion, and the testimony at the hearing established that defendant was required by the Sheriff to wear a stun belt on the last day of trial during the rebuttal testimony of the People's expert witness and that, inasmuch as the stun belt was not visible under defendant's clothing, the trial judge did not know that defendant was wearing it. There was no evidence at the hearing that defendant wore the stun belt for any other portion of the trial. Defense counsel testified at the hearing on remittal that defendant advised him that he was wearing the stun belt, but that he did not complain about it and defense counsel did not raise the issue with the court or otherwise object to its use.

Following the hearing, the court denied the motion, stating that, although the use of the stun belt was improper inasmuch as the trial court did not make particularized findings that the restraint was necessary (*see People v Buchanan*, 13 NY3d 1, 3), the error was harmless beyond a reasonable doubt. The court also rejected defendant's contention concerning ineffective assistance of counsel. On defendant's appeal from the order denying the motion, we agreed with the court's ruling that defendant was not deprived of effective assistance of counsel. Relying on *People v Barnes* (96 AD3d 1579, 1579-1580; *see People v Cruz*, 17 NY3d 941, 945 n), however, we determined that harmless error analysis did not apply to the improper use of a stun belt (*Schrock*, 99 AD3d at 1197), and that the court could not deny defendant's motion on that ground. We noted that, although there may be grounds to justify denial of the motion, we could not affirm the order based on those grounds because they were not relied upon by the motion court (*id.*). We therefore remitted the matter to County Court to consider other possible grounds for denying the motion.

Upon remittal, the court again denied the motion, this time relying on the " 'plain error' " doctrine, which, as codified in Federal Rules of Criminal Procedure rule 52 (b), allows consideration on appeal of unpreserved issues that affect the appellant's " 'substantial rights' " (*Henderson v United States*, ___ US ___, ___, 133 S Ct 1121, 1122). In denying the motion, the court wrote: "The United States Supreme Court has said that a verdict of a jury will not ordinarily be set aside for error not brought to the attention of the

court and the parties or to the public interest where an opportunity has been presented to advance all issues of law and fact in the case [citation omitted]. Certainly, there can be exceptional circumstances in criminal cases where appellate courts find errors to which no objection was made, if the errors are obvious or [a]ffect the fairness, integrity or reputation of a public proceeding [citations omitted]. This does not appear to be the case in this instance . . . The 'plain error' doctrine requires the Court to find that the error not only [a]ffected substantial rights but that it had an unfair prejudicial effect on the jury deliberations [citation omitted]. There is no evidence before this court that such error existed in this case." We interpret the court's determination to be a denial of the motion on the ground that any error does not constitute a mode of proceedings error requiring reversal as a matter of law and that defendant failed to preserve for our review his contention that he was improperly required to wear a stun belt on the last day of the trial. We now affirm.

As a preliminary matter, we note that defendant's motion was brought pursuant to CPL 440.10 (1) (g) and (h), neither of which applies to the facts of this case as it relates to the stun belt contention. CPL 440.10 (1) (g) is inapplicable because the motion is not based upon newly discovered evidence, and CPL 440.10 (1) (h) is inapplicable because the Court of Appeals explicitly stated in *Buchanan* that its holding concerning the use of the stun belt was not based on constitutional grounds. The court thus could have denied the motion on that basis alone. Because the court did not do so, however, we cannot rely on that rationale to affirm the order (*see People v Concepcion*, 17 NY3d 192, 194-195). The only subdivision that seemingly applies to defendant's stun belt contention is CPL 440.10 (1) (f), and we will thus address the issue as if it were raised thereunder.

CPL 440.10 (1) (f) provides that, "[a]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . . [i]mproper and prejudicial conduct not appearing in the record occurred during a trial resulting in the judgment which conduct, if it had appeared in the record, would have *required a reversal* of the judgment upon an appeal therefrom" (emphasis added). Here, as the court stated in its decision issued upon remittal, defendant failed to object to the stun belt and, thus, we could have reversed the judgment on appeal on that ground only in the interest of justice, and not as a matter of law. That is to say, reversal would not have been *required*. It therefore follows that County Court could not have granted defendant's motion under CPL 440.10 (1) (f) unless the unauthorized use of the stun belt at trial constitutes a mode of proceedings error, in which case reversal would have been required on direct appeal if the use of the stun belt had been disclosed on the record (*see generally People v Tabb*, 13 NY3d 852, 853).

We respectfully disagree with our dissenting colleague that the improper use of the stun belt, i.e., at the direction of the Sheriff rather than the court, constitutes a mode of proceedings error.

Indeed, we note that a mode of proceedings error occurs "[w]here the procedure *adopted by the court* . . . is at a basic variance with the mandate of law" (*People v Patterson*, 39 NY2d 288, 296 [emphasis added]), and that is not the case here.  We further note that in *Buchanan* the court deferred to the Sheriff, indeed delegated to the Sheriff, the determination whether defendant should wear the stun belt after the court acknowledged that defendant had done nothing to merit it (*see Buchanan*, 13 NY3d at 3), but the Court of Appeals did not find the error to be a mode of proceedings error.  Instead, the Court of Appeals simply ruled that the court failed to exercise its discretion (*see id.* at 4).

Neither the Court of Appeals nor, indeed, any other court in New York has held that the improper use of a stun belt at trial constitutes a mode of proceedings error, and we do not do so here.  As the Court of Appeals has stated, the term "mode of proceedings error . . . is reserved for the most fundamental flaws" (*People v Becoats*, 17 NY3d 643, 651, *cert denied* ___ US ___, 132 S Ct 1970), i.e., wherein " 'the entire trial is irreparably tainted' " (*id.*).  Here, the court did not know that defendant was wearing the stun belt and, while our dissenting colleague characterizes the situation as the usurpation of the court's authority by the Sheriff, it nevertheless results in the failure, albeit unwittingly, of the court to exercise its discretion.  We note that there is no evidence that defendant wore the stun belt at trial other than during the rebuttal testimony of the People's expert, and it is undisputed that the stun belt was not visible to the jury.  Moreover, there is no indication in the record that the stun belt caused defendant discomfort (*cf. Buchanan*, 13 NY3d at 1) or inhibited communication between defendant and his attorney (*cf. Buchanan*, 56 AD3d 46, 48-49, *revd* 13 NY3d at 3).

It is well established that "[a] defendant in a criminal case cannot waive, or even consent to, error that would affect the organization of the court or the mode of proceedings proscribed by the law" (*Patterson*, 39 NY2d at 296).  It therefore follows that because the court has *discretion* whether to require the use of a stun belt (*see Buchanan*, 13 NY3d at 4), neither the failure to exercise that discretion nor the improper use of a stun belt constitutes a "fundamental flaw[]" (*Becoats*, 17 NY3d at 651), or a "procedure adopted by the court[, which] is at basic variance with the mandate of law" (*Patterson*, 39 NY2d at 296).  As noted, it was the court's failure to exercise its discretion in *Buchanan* that resulted in reversal of the judgment of conviction (*see Buchanan*, 13 NY3d at 4).  "To expand the definition of 'mode of proceedings' error too freely would create many . . . anomalous results" (*Becoats*, 17 NY3d at 651).

We recognize that the issue here is not the use of the stun belt per se; but rather that the proper procedures for the use of the stun belt were not followed.  Given the nature of the charged offenses — defendant escaped from custody and repeatedly attempted to kill a deputy sheriff before leading the police on a high-speed chase — the use of a stun belt at trial may well have been justified if the proper procedures had been followed (*see Buchanan*, 13 NY3d at 4).  In

addition, we note that *Buchanan* was decided two years after defendant's trial, at a time when the procedures regarding the use of stun belts were unsettled.  In our view, it is not the case that the Sheriff, who may have had legitimate security concerns regarding defendant, intentionally usurped the court's authority with respect to restraining defendant.

Under the circumstances, we cannot agree with our dissenting colleague that the limited use of the stun belt in this case, at the direction of the Sheriff and not the court, irreparably tainted defendant's entire trial and therefore constituted a mode of proceedings error.  Thus, although we agree with defendant that *Buchanan* applies here because defendant's direct appeal was pending when it was decided (*see generally People v Pepper*, 53 NY2d 213, 219-220, *cert denied* 454 US 967), we nevertheless conclude that the failure of the court to exercise its discretion with respect to the use of the stun belt does not constitute a mode of proceedings error.  Because defendant was required to preserve for our review his contention that he was improperly restrained at trial by a stun belt, reversal of the judgment therefore is not required (*see* CPL 440.10 [1] [f]).  We thus conclude that the court properly denied defendant's motion to vacate the judgment of conviction.

All concur except FAHEY, J., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully dissent and would reverse the order denying defendant's CPL 440.10 motion, grant that motion, vacate the judgment and grant a new trial.  In my view, the usurpation by the Sheriff of County Court's authority, which here is embodied in the Sheriff's unilateral decision to require defendant to wear a stun belt during trial without the knowledge of the court, is a mode of proceedings error, and the court thus should have granted defendant's motion.

I generally share the majority's view of the facts.  However, I note my view that the hearing on the motion establishes that defense counsel learned during the rebuttal testimony of the People's expert witness that defendant was wearing a stun belt, and further leaves open the possibility that defendant wore the stun belt during parts of the trial conducted prior to the rebuttal testimony of that witness.

In any event, I further agree with the majority's treatment of defendant's motion as one made pursuant to CPL 440.10 (1) (f), and will apply that analysis herein.  I also agree with the majority that CPL 440.10 (1) (f) permits reversal here only to the extent that the unauthorized use of the stun belt at trial was a mode of proceedings error.  To my mind, the unilateral application of that device by the Sheriff without the knowledge of the court, i.e., the Sheriff's unauthorized assumption of the power of the court in determining whether a stun belt is necessary (*cf. People v Buchanan*, 13 NY3d 1, 4), is such an error.

In *People v Patterson* (39 NY2d 288, 295, *affd* 432 US 197), the Court of Appeals stated that "[a] defendant in a criminal case cannot waive, or even consent to, error that would affect the organization of

the court or the mode of proceedings pr[e]scribed by law."  The Court further noted that "the purpose of this narrow, historical exception is to ensure that criminal trials are conducted in accordance with the mode of procedure mandated by Constitution and statute.  Where the procedure adopted by the court below is at a basic variance with the mandate of law, the entire trial is irreparably tainted" (*id.* at 295-296).

The Court of Appeals in *People v Hanley* (20 NY3d 601, 604-605) recently added that such "exception encompasses only 'the most fundamental flaws' . . . that implicate 'jurisdictional matters . . . or rights of a constitutional dimension that go to the very heart of the process' " (*id.* at 604-605).  *Hanley* also afforded the Court the opportunity to note that examples of mode of proceedings errors include:  "jurisdictional issues (*see e.g. People v Correa*, 15 NY3d 213, 222 [2010]; *People v Pierce*, 14 NY3d 564, 570 n 2 [2010]; *People v Kalin*, 12 NY3d 225, 229 [2009]; *People v Carvajal*, 6 NY3d 305, 312 [2005]); double jeopardy (*see People v Williams*, 14 NY3d 198, 220-221 [2010], *cert denied* 562 US ___, 131 S Ct 125 [2010]); constitutional speedy trial (*see People v Blakley*, 34 NY2d 311, 315 [1974]); shifting the People's burden of proof to the defense (*see People v Patterson*, 39 NY2d at 296); delegation of a judicial function (*see People v Ahmed*, 66 NY2d 307, 310-311 [1985], [*rearg denied* 67 NY2d 647 (1986)]); prohibiting the defense from meaningful participation in the criminal proceeding (*see People v O'Rama*, 78 NY2d 270, 279 [1991]); and the imposition of an illegal sentence (*see People v Samms*, 95 NY2d 52, 56 [2000])" (*id.* at 607 n 2).

In my view, the *usurpation* of the court's power to determine whether to require defendant to wear a stun belt is no different from the *delegation* of court powers found to have constituted mode of proceedings errors (*see Ahmed*, 66 NY2d at 309-310; *People v Weber* [appeal No. 2], 64 AD3d 1185, 1186; *People v Rogoski*, 194 AD2d 754, 755, *lv denied* 82 NY2d 759; *cf. People v Mays*, 20 NY3d 969, 971).  Indeed, although defense counsel learned of the application of the stun belt during the rebuttal testimony of the People's expert witness and thus could have brought the issue to the court's attention, this is not a case in which the court had the last word and exercised full and proper control over the application of that device to defendant (*see People v Khalek*, 91 NY2d 838, 839-840; *cf. People v Kelly*, 5 NY3d 116, 120-121).  The error here lies not in the fact that defendant had to wear a stun belt, but in the fact that the Sheriff usurped the power of the court to make a determination regarding the use of the stun belt to restrain defendant.  We cannot allow court personnel or law enforcement officers to exercise powers reserved to the court, and I therefore conclude that the court erred in denying defendant's CPL 440.10 motion.

Entered:  July 19, 2013                        Frances E. Cafarell
                                               Clerk of the Court