# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

453

KA 12-00656

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROBERT J. COOKE, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

ROBERT J. COOKE, DEFENDANT-APPELLANT PRO SE.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered December 7, 2011. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, sexual abuse in the first degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is modified on the law and as a matter of discretion in the interest of justice by reversing that part convicting defendant of endangering the welfare of a child under count eight of the indictment, dismissing that count, and vacating the sentence imposed on that count, and by vacating that part of the order of protection in favor of defendant's elder daughter, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal sexual act in the first degree (Penal Law § 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]), and two counts of endangering the welfare of a child (§ 260.10 [1]), for crimes committed against his two daughters. Defendant contends that he was denied a fair trial because he was restrained by a stun belt throughout the trial, and County Court made no finding of facts warranting the use of such restraint (*see People v Buchanan*, 13 NY3d 1, 3). We note, however, that defendant expressly consented to wearing the stun belt without the court inquiring into the necessity for its use, and thus he has waived his contention concerning the stun belt (*see generally People v Shrock*, 108 AD3d 1221, 1224-1225, *lv denied* 22 NY3d 998; *People v Johnson*, 38 AD3d 1327, 1328, *lv denied* 9 NY3d 866).

We reject defendant's contention that the evidence at trial

rendered duplicitous the charge of sexual abuse in the first degree under count five of the indictment. Although the victim of that crime testified to separate acts, each of which could constitute that crime, we conclude that the verdict sheet, along with "the court's charge to the jury eliminated any danger that the jury convicted defendant of an unindicted act" (*People v Bradford*, 61 AD3d 1419, 1421, *affd* 15 NY3d 329 [internal quotation marks omitted]). Contrary to defendant's contention, the court properly admitted in evidence the recording of a telephone conversation between defendant and his estranged wife, despite brief inaudible portions therein, inasmuch as the recording as a whole is "sufficiently audible and intelligible" (*People v Martino*, 244 AD2d 875, 875, *lv denied* 92 NY2d 1035, *reconsideration denied* 93 NY2d 855). Contrary to defendant's further contention, the court properly exercised its discretion in permitting the jury, after appropriate instructions, to use a transcript of the recording as an aid while listening to it (*see id.*).

We agree with defendant that the evidence is legally insufficient to support the conviction of endangering the welfare of a child under count eight of the indictment, which concerns only his elder daughter (*see generally People v Danielson*, 9 NY3d 342, 349), and we therefore modify the judgment accordingly. We note that, although defendant failed to preserve for our review his challenge to the order of protection concerning the inclusion of the elder daughter, in light of our determination with respect to count eight of the indictment, we exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Inasmuch as defendant's elder daughter was an alleged victim of only the crime charged in count eight of the indictment, that part of the order of protection issued in favor of that daughter must be vacated (*see* CPL 530.12 [5]; *People v Raduns*, 70 AD3d 1355, 1355, *lv denied* 14 NY3d 891, *reconsideration denied* 15 NY3d 808), and we therefore further modify the judgment accordingly. With respect to that part of the order of protection in favor of defendant's younger daughter, defendant failed to preserve for our review his contention that the expiration date was improperly calculated and must be amended. In any event, that contention is without merit. The court properly included the period of postrelease supervision when calculating the maximum expiration date of the "determinate sentence of imprisonment actually imposed" (CPL 530.12 [5] [A] [ii]; *see People v Williams*, 19 NY3d 100, 101-102).

We have examined defendant's contention in his pro se supplemental brief and conclude that it does not require reversal or modification of the judgment.

Finally, the sentence is not unduly harsh or severe.

All concur except FAHEY, J., who concurs in the result in the following Memorandum: I concur in the result on the constraint of *People v Schrock* (108 AD3d 1221, *lv denied* 22 NY3d 998). Although this Court has ruled to the contrary, I continue to maintain that the application of a stun belt to a defendant without knowledge or input of the trial court is a mode of proceedings error, i.e., an unwaivable

flaw (*see id.* at 1226-1227 [Fahey, J., dissenting]; *see also People v Patterson*, 39 NY2d 288, 295, *affd* 432 US 197), and that we must not countenance the usurpation of a court's fundamental obligation to determine whether a stun belt is necessary (*see People v Buchanan*, 13 NY3d 1, 4). Here, the decision to apply the stun belt to defendant at the outset of the trial was not made by County Court, and I reemphasize my view that *courts*, not non-judicial personnel, are to control the courtroom and thus must determine whether to apply a stun belt to a defendant. Given my continuing view that the application of a stun belt to a defendant—in the absence of judicial findings on the record that such is necessary—is a mode of proceedings error and thus unwaivable (*see Patterson*, 39 NY2d at 295; *see also Buchanan*, 13 NY3d at 4), and given the fact that defendant herein wore a stun belt from the beginning of the trial, I see no need to review defendant's contention that he did not knowingly, intelligently and voluntarily waive inquiry by the court during the middle of the trial as to the necessity of the stun belt.

Entered:  July 11, 2014                          Frances E. Cafarell
                                                 Clerk of the Court