SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

464

KA 13-00523

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES O. RICHARDSON, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered September 26, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the third degree, criminal nuisance in the first degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence on the conviction of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree is unanimously dismissed and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and one count each of criminal sale of a controlled substance in the third degree (§ 220.39 [1]), criminal nuisance in the first degree (§ 240.46) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). Defendant failed to preserve for our review his contention that County Court did not make an adequate finding of necessity for the use of a stun belt to restrain him during the trial (*see People v Schrock*, 108 AD3d 1221, 1225-1226, *lv denied* 22 NY3d 998, *reconsideration denied* 23 NY3d 1025; *see also People v Cooke*, 24 NY3d 1196, 1197). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support his conviction of criminal nuisance in the first degree.

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence supporting his conviction of the remaining counts of the indictment, "inasmuch as his motion for a trial order of dismissal was not specifically directed at the same alleged shortcoming in the evidence raised on appeal" with respect to those counts (*People v Brown*, 96 AD3d 1561, 1562, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contentions that he was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *People v James*, 114 AD3d 1202, 1206-1207, *lv denied* 22 NY3d 1199), that the court erred in ordering him to pay restitution (*see People v Lewis*, 89 AD3d 1485, 1486), and that, in determining the sentence of incarceration, the court penalized him for exercising his right to a jury trial (*see People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, the sentences imposed on the conviction of criminal nuisance in the first degree and criminal possession of a controlled substance in the fifth degree are not unduly harsh or severe.  In light of defendant's resentencing on the conviction of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, we do not consider his challenge to the severity of the original sentences imposed on those counts, and we dismiss the appeal from the judgment to that extent (*see People v Snagg*, 35 AD3d 1287, 1289, *lv denied* 8 NY3d 950; *People v Haywood*, 203 AD2d 966, 966, *lv denied* 83 NY2d 967).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court