# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**533**

**KA 14-01683**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                 MEMORANDUM AND ORDER

WILLIAM J. DOLAN, JR., DEFENDANT-APPELLANT.

---

THE LAW OFFICE OF GUY A. TALIA, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered July 18, 2014. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by amending the order of protection to delete the provision prohibiting defendant from having "unsupervised contact with any child under the age of 17 years of age" and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]), defendant challenges only the scope of the order of protection issued by County Court pursuant to CPL 530.12 (5). As conceded by the People, the scope of the order of protection prohibiting defendant from having unsupervised contact with any child under the age of 17 years is "overly broad inasmuch as it extends to individuals unrelated to the criminal action" (*People v Shultis*, 61 AD3d 1116, 1118, *lv denied* 12 NY3d 929; *see People v Raduns*, 70 AD3d 1355, 1355, *lv denied* 14 NY3d 891, *reconsideration denied* 15 NY3d 808; *see generally People v Cooke*, 119 AD3d 1399, 1401, *affd* 24 NY3d 1196, *cert denied* ___ US ___, 136 S Ct 542; *People v Konieczny*, 2 NY3d 569, 572). Inasmuch as all individuals under age 17 were not defendant's victims or witnesses in this matter, the order of protection may not require defendant to stay away from all such individuals (*see* CPL 530.12 [5]; *see also* CPL 530.13 [4]). We modify the judgment by amending the order of protection accordingly.

Entered: June 10, 2016                                    Frances E. Cafarell
                                                          Clerk of the Court