# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**276**
**KA 16-01335**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                MEMORANDUM AND ORDER

MICHAEL SWEAT, DEFENDANT-RESPONDENT.

---

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR APPELLANT.

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), dated May 16, 2016. The order granted that part of defendant's omnibus motion to suppress physical evidence and statements made to the police.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: The People appeal from an order granting that part of defendant's omnibus motion to suppress physical evidence, i.e., a gun, and statements made to the police. At the suppression hearing, a police officer testified that he was traveling in a marked patrol vehicle when he saw defendant standing on the porch of a home. After defendant looked in the direction of the approaching patrol vehicle, he turned and entered the home. The officer pulled his vehicle to the side of the road and proceeded on foot to the porch, where he encountered defendant as he reemerged from the home. The officer asked, "What are you doing here?" When defendant did not respond, the officer conducted a search of the home and found a gun in a front closet near the entrance to the porch. Thereafter, defendant was arrested and gave statements. Supreme Court suppressed the weapon and statements on the ground that, because the initial encounter between defendant and the police was an unlawful level one encounter under *People v De Bour* (40 NY2d 210, 223), the ensuing search of the home was unwarranted.

We agree with the People that the court erred in suppressing the gun and statements without making any determination on defendant's standing to challenge the allegedly unlawful search of the home. Because "our review is limited to the issues determined by the court" (*People v Schrock*, 99 AD3d 1196, 1197), and the court failed to rule on the threshold issue of standing, we hold the case, reserve decision, and remit the matter to Supreme Court to rule on that issue.

If the court determines that defendant has standing, the court should then determine whether one of the homeowners consented to the search.