People v Sweat (2018 NY Slip Op 01786)





People v Sweat


2018 NY Slip Op 01786


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department



315 KA 16-01335

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
MICHAEL SWEAT, DEFENDANT-RESPONDENT. 






JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR APPELLANT. 
MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), dated May 16, 2016. The appeal was held by this Court by order entered March 24, 2017, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (148 AD3d 1641). The proceedings were held and completed. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: We previously held this case, reserved decision, and remitted the matter to Supreme Court to determine whether defendant has standing to challenge the allegedly unlawful search of the home where the police discovered the gun that defendant sought to suppress and, if so, whether one of the lessors of the home consented to the search (People v Sweat, 148 AD3d 1641 [4th Dept 2017]). Upon remittal, the court determined that defendant lacks standing to challenge the warrantless search of the home. That was error.
"[A] defendant seeking to suppress evidence, on the basis that it was obtained by means of an illegal search, must allege standing to challenge the search and, if the allegation is disputed, must establish standing" (People v Sylvester, 129 AD3d 1666, 1666-1667 [4th Dept 2015], lv denied 26 NY3d 1092 [2015] [internal quotation marks omitted]). To establish standing, the defendant must demonstrate that he or she has a legitimate expectation of privacy in the place searched (see People v Ramirez-Portoreal, 88 NY2d 99, 108-109 [1996]). A defendant has no expectation of privacy in a home where he or she is merely a casual visitor with tenuous ties to it (see People v Smith, 155 AD3d 1674, 1675 [4th Dept 2017]), or is a mere occasional visitor (see People v Hailey, 128 AD3d 1415, 1417 [4th Dept 2015], lv denied 26 NY3d 929 [2015]). In such cases, the defendant does not have standing to challenge the legality of the search of the home (see Hailey, 128 AD3d at 1417).
According to the unrefuted testimony at the suppression hearing of defendant's brother and sister-in-law, the lessors of the home, defendant resided there until two months prior to the incident. Nevertheless, defendant maintained the address associated with the home as his permanent mailing address, and, although he removed much of his property, he continued to keep clothes there. He returned frequently to care for his nieces and nephews, and he was entrusted with the home when his brother and sister-in-law were away. Defendant was at the home often and slept there overnight between 5 and 12 times per month. Thus, we conclude that defendant's "connection with the premises was substantially greater than that of a casual visitor, and . . . that . . . defendant had a reasonable expectation of privacy in the home" (People v Moss, 168 AD2d 960, 960 [4th Dept 1990]).
Inasmuch as "our review is limited to the issues determined by the court" (People v Schrock, 99 AD3d 1196, 1197 [4th Dept 2012]), and the court failed to determine whether one of [*2]the lessors of the home consented to the search, we continue to hold the case and reserve decision, and we remit the matter to Supreme Court to determine that issue.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court