People v Hanniford (2019 NY Slip Op 05998)





People v Hanniford


2019 NY Slip Op 05998


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-06781
 (Ind. No. 18/16)

[*1]The People of the State of New York, respondent,
v
Dean R. Hanniford, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (David M. Bishop of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James T. Rooney, J.), rendered June 14, 2017, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection issued at the time of sentencing is vacated, on the law; and it is further,
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257; see generally People v Brown, 122 AD3d 133, 145-146). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the County Court's suppression determination (see People v Kemp, 94 NY2d 831, 833; People v King, 169 AD3d 1060, 1060; People v Jessamy, 137 AD3d 1056, 1056).
The defendant's contentions concerning the validity of the order of protection issued over his objection at the time of sentencing survive his appeal waiver (see People v May, 138 AD3d 1146, 1147; People v Kumar, 127 AD3d 882, 883; People v Sabo, 117 AD3d 1089). As the defendant correctly contends, the County Court had no authority to issue an order of protection in favor of individuals who were neither victims of the crime nor witnesses to the crime to which the defendant pleaded guilty (see CPL 530.13[4]; People v Cooke, 119 AD3d 1399, 1401, affd 24 NY3d 1196; People v Raduns, 70 AD3d 1355, 1355; People v Creighton, 298 AD2d 774, 774-776). The persons in whose favor the court issued an order of protection were the owners of certain stolen property that served as the basis for three counts in the indictment that were dismissed in satisfaction of the defendant's plea of guilty to the unrelated count of criminal possession of a controlled substance in the fifth degree. Accordingly, we must vacate the order of protection issued at the time of sentencing (see CPL 530.13[4]; People v Cooke, 119 AD3d at 1401; People v Raduns, 70 AD3d at 1355; People v Creighton, 298 AD2d at 774-776).
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court