People v Farrell (2022 NY Slip Op 00608)





People v Farrell


2022 NY Slip Op 00608


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1144 KA 19-01377

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN FARRELL, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered October 2, 2018. The judgment convicted defendant, upon a plea of guilty, of criminal contempt in the first degree and orders of protection were entered in conjunction with the judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by amending order of protection No. 2018-000498 to delete the stay-away and no-contact directives with respect to defendant's son in paragraphs 1 and 14 thereof, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal contempt in the first degree (Penal Law § 215.51 [b] [i]). Even assuming, arguendo, that defendant did not validly waive his right to appeal, we nevertheless conclude that his sentence is not unduly harsh or severe.
Defendant's challenge to order of protection No. 2018-000498—i.e., the final order of protection in favor of, inter alia, defendant's son—would survive even a valid waiver of the right to appeal (see People v May, 138 AD3d 1146, 1147 [2d Dept 2016], lv denied 27 NY3d 1153 [2016]; People v Lilley, 81 AD3d 1448, 1448 [4th Dept 2011], lv denied 17 NY3d 860 [2011]). On the merits of that challenge, we note that a final stay-away or no-contact protective order in a criminal action may be issued only in favor of the "defendant's victims or witnesses in th[e given] matter," i.e., the victims of or witnesses to the crime of which the defendant was convicted (People v Dolan, 140 AD3d 1681, 1682 [4th Dept 2016]; see CPL 530.12 [5] [a]; CPL 530.13 [4] [a]; People v Cooke, 119 AD3d 1399, 1401 [4th Dept 2014], affd 24 NY3d 1196 [2015], cert denied 577 US 1011 [2015]). Thus, "[i]nasmuch as [defendant's son was] not defendant's victim[] or witness[ ] in this matter, the order of protection may not require defendant to stay away from [or avoid contact with his son]" (Dolan, 140 AD3d at 1682; see Cooke, 119 AD3d at 1401; People v Raduns, 70 AD3d 1355, 1355 [4th Dept 2010], lv denied 14 NY3d 891 [2010], reconsideration denied 15 NY3d 808 [2010]). Contrary to Supreme Court's view and the People's assertion, the appropriateness of a stay-away or no-contact directive with respect to defendant's son is properly addressed in Family Court, not in this criminal prosecution (see Matter of Brianna L. [Marie A.], 103 AD3d 181, 188 [2d Dept 2012]; see generally Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]). We therefore modify the judgment accordingly.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court